| 2120 - Served | 2121 - Served | | |
|---|---|---|---|
| 2220 - Not Served | 2221 - Not Served | | |
| 2320 - Served By Mail | 2321 - Served By Mail | | |
| 2420 - Served By Publication | 2421 - Served By Publication | | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( | ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008L000788
CALENDAR/ROOM Q
TIME 00:00
Retaliatory Dischar

(Name all parties)

QUINCY ROGERS, INC.

v.

ASHLAND INC., a Kentucky Corporation

No. _____

Please serve defendant at:
c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 37766
Name: Law Offices of Josh Friedman
Atty. for: Plaintiff
Address: 120 South State St., Suite 200
City/State/Zip: Chicago, IL 60603
Telephone: 312-727-0999
Service by Facsimile Transmission will be accepted at: _____

WITNESS, JAN 2 3 2008

Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| QUINCY ROGERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. |
| ASHLAND, INC., A Kentucky Corporation, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, QUINCY ROGERS ("ROGERS"), by and through his undersigned attorney, and complaining of Defendant, ASHLAND, INC. (hereinafter, "ASHLAND"), states as follows:

1. Plaintiff ROGERS is an individual residing in Cook County, Illinois.

2. Defendant ASHLAND is a corporation organized under the laws of Kentucky, authorized to do business in the state of Illinois, with operations located in Cook County, Illinois.

3. The events alleged herein occurred in Cook County, Illinois.

4. At all times relevant hereto, ASHLAND employed ROGERS at its facility in Willow Springs, Illinois.

5. On or about March 6, 2007, ROGERS, while in the course of his employment with ASHLAND, was involved in a chemical spill at ASHLAND's Willow Springs, facility. Upon information and belief, ROGERS avers that ASHLAND was required to

report the spill as a reportable incident to the Occupational Safety and Health Administration ("OSHA"), and that, in fact, ASHLAND did report the incident to OSHA.

6. OSHA rules and regulations required that ROGERS be trained in the proper use of the chemicals referred to in Paragraph 5.

7. ASHLAND did not provide ROGERS with the OSHA-required training in the proper use of the chemicals referred to in Paragraph 5.

8. After the chemical spill, ASHLAND held ROGERS out of work for approximately two weeks pending an investigation of the chemical spill.

9. Approximately two weeks after the aforementioned chemical spill, an ASHLAND manager advised ROGERS that he was still employed and that he should report to work. Said manager also advised ROGERS that an inspector from OSHA wanted to interview ROGERS about the aforementioned chemical spill, and he instructed ROGERS to inform the OSHA inspector that ASHLAND had trained ROGERS in the proper use of the chemicals referred to in Paragraph 5. In other words, said manager instructed ROGERS to lie to an inspector from a federal agency.

10. ROGERS was interviewed by the OSHA inspector on or about March 13, 2007. In that interview, ROGERS told the truth about the chemical spill to the OSHA inspector, including the fact that ASHLAND had not trained ROGERS in the proper use of the chemicals referred to in Paragraph 5. ROGERS also advised the OSHA inspector that OSHA-required Material Safety Data Sheets ("MSDS"), which under OSHA rules and regulations are required to be posted on sites whenever hazardous chemicals are handled, were not posted anywhere at ASHLAND's facility.

2

11. Upon information and belief, ROGERS avers that the OSHA inspector advised ASHLAND of the substance of her interview with ROGERS, including the fact that ROGERS had advised her that ASHLAND had not trained ROGERS in the proper use of the chemicals referred to in Paragraph 5 and that MSDS were not posted at ASHLAND's facility.

12. Shortly after ROGERS' interview with the OSHA inspector, he was discharged by ASHLAND.

13. Upon information and belief, ROGERS avers that his discharge by ASHLAND was in retaliation for the information he provided to the OSHA inspector.

## COUNT I
## RETALIATORY DISCHARGE

14. ROGERS realleges paragraphs 1-13 above as if fully repleaded herein.

15. The termination of ROGERS' employment by ASHLAND was intentional and was in retaliation for the truthful information ROGERS reported to OSHA.

16. The termination of ROGERS' employment by ASHLAND was unlawful and violated a clear mandate of public policy not to discharge employees for reporting serious safety violations to a public agency.

17. As a direct and proximate result of the above retaliatory discharge, ROGERS has suffered damages and will continue to suffer damages in the form of lost past and future wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation.

18. In terminating ROGERS, ASHLAND acted with fraud, actual malice, and such gross negligence as to indicate a wanton disregard of ROGERS' rights.

WHEREFORE, Plaintiff, QUINCY ROGERS, respectfully requests that this Court enter a judgment in his favor and against Defendant, ASHLAND, INC., as follows:

   a. For compensatory damages in an amount in excess of $50,000.00;
   b. Reinstatement to his position;
   c. For his reasonable attorney's fees in this action;
   d. For punitive damages as is deemed just and proper; and
   e. For any other relief this Court deems just and proper.

## COUNT II
## WHISTLEBLOWER VIOLATION

19. ROGERS realleges paragraphs 1-13 above as if fully repleaded herein.

20. By truthfully reporting the chemical spill incident to the OSHA investigator, including the fact that he had not been trained, as required by OSHA, in the proper handling of the chemicals referred to in Paragraph 5, and in reporting the fact that MSDS were not posted at the ASHLAND facility, ROGERS reasonably believed that he was reporting violations by ASHLAND to a government agency of various federal regulations under the Occupational Safety and Health Act.

21. Upon information and belief, ROGERS avers that ASHLAND discharged him in retaliation for reporting violations by ASHLAND to a government agency of various federal regulations under the Occupational Safety and Health Act.

22. ASHLAND'S discharge of ROGERS constituted a violation of the Illinois Whistleblower Act, 735 ILCS 174/1 et seq. in that ASHLAND discharged ROGERS for reporting illegal conduct to a government agency.

23. As a direct and proximate result of the above retaliatory discharge, ROGERS has suffered damages and will continue to suffer damages in the form of lost past and future

wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation.

**WHEREFORE**, Plaintiff, QUINCY ROGERS, respectfully requests that this Court enter a judgment in his favor and against Defendant, ASHLAND, INC., for all relief available to him under the Illinois Whistleblower Act, including but not limited to the following:

a. For compensatory damages in an amount in excess of $50,000.00;

b. Reinstatement to his position;

c. For Plaintiff's reasonable attorney's fees in this action;

d. For punitive damages as is deemed just and proper; and

e. For any other relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

RESPECTFULLY SUBMITTED,

QUINCY ROGERS

By _____
His Attorney

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
120 S. State St., Suite 200
Chicago, Illinois 60603
(312) 727-0999
Cook County Bar No. 37766
Attorney for Plaintiff