IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| QUINCY ROGERS, | ) |
| Plaintiff, | ) |
| | ) Case No. 08 C 1325 |
| v. | ) |
| | ) Judge Elaine E. Bucklo |
| ASHLAND INC., | ) |
| | ) Mag. Judge Cox |
| Defendant. | ) |

**DEFENDANT ASHLAND INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, ASHLAND INC. ("Ashland"), by and through its counsel, Joseph R. Marconi and Victor J. Pioli of JOHNSON & BELL, LTD., for its Answer to Plaintiff's Complaint, states as follows:

1. Plaintiff ROGERS is an individual residing in Cook County, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residence and residency status and therefore denies the same.

2. Defendant ASHLAND is a corporation organized under the laws of Kentucky, authorized to do business in the state of Illinois, with operations located in Cook County, Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 2 of the Complaint.

3. The events alleged herein occurred in Cook County, Illinois.

**ANSWER:** Defendant admits that the facility where Plaintiff was employed by Defendant is located in Cook County, Illinois. Defendant denies the remainder of the allegations in Paragraph 3.

4. At all times relevant hereto, ASHLAND employed ROGERS at its facility in Willow Springs, Illinois.

**ANSWER:** Defendant admits that Plaintiff was employed by Ashland, Inc. from January 22, 2007 through April 2, 2007. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. On or About March 6, 2007, ROGERS, while in the course of his employment with ASHLAND, was involved in a chemical spill at ASHLAND's Willow Springs, facility. Upon information and belief, ROGERS avers that ASHLAND was required to report the spill as a reportable incident to the Occupational Safety and Health Administration ("OSHA"), and that, in fact, ASHLAND did report the incident to OSHA.

**ANSWER:** Defendant admits that Plaintiff caused a chemical spill at Defendant's Willow Springs' facility. Defendant further states that the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint require a legal conclusion to which no response is required. To the extent that those allegations require a response, Defendant denies the same.

6. OSHA rules and regulations required that ROGERS be trained in the proper use of the chemicals referred to in Paragraph 5.

**ANSWER:** Defendant states that the allegations contained in Paragraph 6 of Plaintiff's Complaint require a legal conclusion to which no response is required. To the extent that those allegations require a response, Defendant denies the same.

7. ASHLAND did not provide ROGERS with the OSHA-requir3ed training in the proper use of the chemicals referred to in Paragraph 5.

**ANSWER:** Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. After the chemical spill, ASHLAND held ROGERS out of work for approximately two weeks pending an investigation of the chemical spill.

**ANSWER:** Defendant admits Plaintiff was placed on unpaid leave during a pending investigation following the chemical spill. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Approximately two weeks after the aforementioned chemical spill, an ASHLAND manager advised ROGERS that he was still employed and that he should report to work. Said manager also advised ROGERS that an inspector from OSHA wanted to interview ROGERS about the aforementioned chemical spill, and he instructed ROGERS to inform the OSHA inspector that ASHLAND had trained ROGERS in the proper use of the chemicals referred to in Paragraph 5. In other words, said manager instructed ROGERS to lie to an inspector from a federal agency.

**ANSWER:** Defendant admits that Rogers was advised that an OSHA investigator wanted to interview him Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. ROGERS was interviewed by the OSHA inspector on or about March 13, 2007. In that interview, ROGERS told the truth about the chemical spill to the OSHA inspector, including the fact that ASHLAND had not trained ROGERS in the proper use of the chemicals referred to in Paragraph 5. ROGERS also advised the OSHA inspector that OSHA-required Material Safety Data Sheets ("MSDS"), which under OSHA rules and regulations are required to be posted on sites whenever hazardous chemicals are handled, were not posted anywhere at ASHLAND's facility.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

11. Upon information and belief, ROGERS avers that the OSHA inspector advised ASHLAND of the substance of her interview with ROGERS, including the fact that ROGERS had advised her that ASHLAND had not trained ROGERS in the proper use of the chemicals referred to in Paragraph 5 and that MSDS were not posted at ASHLAND's facility.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Shortly after ROGERS' interview with the OSHA inspector, he was discharged by ASHLAND.

**ANSWER:** Defendant admits that Plaintiff was terminated effective April 2, 2007. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Upon information and belief, ROGERS avers that his discharge by ASHLAND was in retaliation for the information he provided to the OSHA inspector.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT I
## RETALIATORY DISCHARGE

14. ROGERS realleges paragraphs 1-13 above as if fully repleaded herein.

**ANSWER:** Defendant incorporates by reference its responses to Paragraphs 1 through 13 of the Complaint as if fully restated herein.

15. The termination of ROGERS' employment by ASHLAND was intentional and was in retaliation for the truthful information ROGERS reported to OSHA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. The termination of ROGERS' employment by ASHLAND was unlawful and violated a clear mandate of public policy not to discharge employees for reporting serious safety violations to a public agency.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. As a direct and proximate result of the above retaliatory discharge, ROGERS has suffered damages and will continue to suffer damages in the form of lost past and future wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. In terminating ROGERS, ASHLAND acted with fraud, actual malice, and such gross negligence as to indicate a wanton disregard of ROGERS' rights.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of the Complaint.

WHEREFORE, Plaintiff, QUINCY ROGERS, respectfully requests that this Court enter a judgment in his favor and against Defendant, ASHLAND, INC., as follows:

a. For compensatory damages in an amount in excess of $50,000.00;

b. Reinstatement to his position;

c. For his reasonable attorney's fees in this action;

d. For punitive damages as is deemed just and proper; and

e. For any other relief this Court deems just and proper.

**ANSWER:** Plaintiff's WHEREFORE Paragraph immediately following Paragraph 18 of the Complaint does not contain any factual allegations to which Defendant is required to respond; however, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II
## WHISTLEBLOWER VIOLATION

19. ROGERS realleges paragraphs 1-13 above as if fully repleaded herein.

**ANSWER:** Defendant incorporates by reference its responses to Paragraphs 1 through 18 of the Complaint as if fully restated herein.

20. By truthfully reporting the chemical spill incident to the OSHA investigator, including the fact that he had not been trained, as required by OSHA, in the proper handling of the chemicals referred to in Paragraph 5, and in reporting the fact that MSDS were not posted at the ASHLAND facility, ROGERS reasonably believed that he was reporting violations by ASHLAND to a government agency of various federal regulations under the Occupational Safety and Health Act.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Upon information and belief, ROGERS avers that ASHLAND discharged him in retaliation for reporting violations by ASHLAND to a government agency of various federal regulations under the Occupational Safety and Health Act.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. ASHLAND's discharge of ROGERS constituted a violation of the Illinois Whistleblower Act, 735 ILCS 174/1 et seq. in that ASHLAND discharged ROGERS for reporting illegal conduct to a government agency.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.   As a direct and proximate result of the above retaliatory discharge, ROGERS has suffered damages and will continue to suffer damages in the form of lost past and future wages, benefits, mental anguish concerning the loss of his means of support, emotional distress, and damage to his reputation.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 23 of the Complaint.

WHEREFORE, Plaintiff, QUINCY ROGERS, respectfully requests that this Court enter a judgment in his favor and against Defendant, ASHLAND, INC., for all relief available to him under the Illinois Whistleblower Act, including but not limited to the following:

a.   For compensatory damages in an amount in excess of $50,000.00;

b.   Reinstatement to his position;

c.   For Plaintiff's reasonable attorney's fees in this action;

d.   For punitive damages as is deemed just and proper; and

e.   For any other relief this Court deems just and proper.

**ANSWER:**   Plaintiff's WHEREFORE Paragraph immediately following Paragraph 24 of the Complaint does not contain any factual allegations to which Defendant is required to respond; however, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## DEFENSES

7

Further answering and by way of defense, Defendant answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Some or all of Plaintiff's claims are barred due to failure to exhaust administrative remedies.

### THIRD DEFENSE

3. Defendant's actions were taken for legitimate business reasons.

### FOURTH DEFENSE

4. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

5. Some or all of Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### SIXTH DEFENSE

6. Plaintiff has failed to mitigate his damages.

### SEVENTH DEFENSE

7. Plaintiff's alleged damages are speculative and thus, unavailable as a matter of law.

### EIGHTH DEFENSE

8. An award of reinstatement or front pay would be inequitable.

## NINTH DEFENSE

9. Plaintiff has no right to a jury on equitable claims.

## TENTH DEFENSE

10. An award of punitive damages in this action would be unconstitutional.

## ELEVENTH DEFENSE

11. Plaintiff has not sustained any cognizable injury.

## TWELFTH DEFENSE

12. Plaintiff's alleged damages are subject to offset.

## THIRTEENTH DEFENSE

13. Plaintiff's claims are barred by the exclusive remedy provisions of Section 11(c) of Occupational Health and Safety Administration and should be dismissed for lack of jurisdiction.

## FOURTEENTH DEFENSE

14. Plaintiff has committed acts that constitute sufficient and independent reasons for termination.

## FIFTEENTH DEFENSE

15. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm, if any harm occurred.

## SIXTEENTH DEFENSE

16. Compensatory damages, punitive damages and/or attorneys' fees are not available for the causes asserted.

## SEVENTEENTH DEFENSE

17. Plaintiff was employed under an at-will relationship and thus could be terminated at any time for any reason.

## EIGHTEENTH DEFENSE

18. Plaintiff did not comply with the applicable statutory requirements for bringing the claims he has asserted.

## NINETEENTH DEFENSE

19. Defendant reserves the right to assert additional defenses, as they may become available or apparent during the course of this litigation.

WHEREFORE, Defendant prays that this case be dismissed at Plaintiff's costs, for Defendant's costs and expenses in defending this action, and for such other relief as the Court my deem proper.

Respectfully submitted,

ASHLAND INC.

By: /s/ Victor J. Pioli

Joseph R. Marconi
Victor J. Pioli
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
Ph: (312) 372-0070
Fax: (312) 372-9818

Charles M. Roesch, Esq.
Kathleen A. Carnes, Esq.
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Ph: (513) 977-8200
Fax: (513) 977-8141

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Josh Friedman, 120 South State Street, Suite 200, Chicago, IL 60603, Attorney for Plaintiff.

                                            /s/ Victor J. Pioli